JUAN RIVERA MICHEL, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

No. 743.—*Sometido:* Noviembre 26, 1928. *Resuelto:* Diciembre 4, 1928.

*Andrés Mena,* abogado del recurrente; el registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Juan Rivera Michel tomó en préstamo de Manuel Garrido Farizo seiscientos dollars, que se obligó a devolverle el 8 de octubre de 1924; y para garantizar el pago impuso Rivera una hipoteca sobre una finca urbana de su propiedad, solar y casa en Caguas.

Manuel Garrido Farizo cedió el crédito hipotecario a José Garrido Farizo, quien falleció en junio de 1927, sin testar, y sin que se haya hecho declaración judicial de herederos.

Contra la Sucesión de José Garrido Farizo compuesta de su viuda, María Puig, y John Doe y Richard Doe, herederos desconocidos de aquél, siguió Isabel Polanco un pleito, ante la Corte de Distrito de Humacao, y en vía de aseguramiento de efectividad de sentencia, embargó el referido crédito hipotecario, que, luego al ejecutarse la sentencia, fué vendido en subasta por el márshal a Félix Baerga; éste obtuvo su escritura, y la presentó al registro de la propiedad, que denegó la inscripción, consintiendo Baerga la denegación.

En estas condiciones, Juan Rivera Michel consignó en la

Corte de Distrito de Humacao el importe del préstamo hipotecario y sus intereses, y una vez que el tribunal ordenó que se notificara la consignación a María Puig, Isabel Polanco y Félix Baerga, y éstos nada opusieron en el término que se les dió, dictó dicho tribunal en 29 de agosto de 1928 una orden declarando bien hecha la consignación, y decretando la cancelación de la expresada hipoteca, y en virtud de ella se libró el mandamiento al Registrador de la **Propiedad de Caguas**; éste denegó la cancelación decretada, fundándose en que en el procedimiento de consignación no se había cumplido con las reglas establecidas por los artículos 1144 a 1149 del Código Civil, y especialmente lo dispuesto en el 1145, con respecto a la notificación; en que la inscripción del crédito hipotecario a favor de Félix Baerga había sido denegada por falta de jurisdicción en la corte por no aparecer que John Doe y Richard Doe hubieran sido notificados por edictos en el pleito seguido por Isabel Polanco, y reconocerse por la corte que tal denegación fué fundada y consentida por Baerga; no constando que la consignación fuera notificada en forma alguna a John Doe y Richard Doe, ni que se le diera el aviso que requiere la ley.

Contra la nota denegatoria del registrador se ha interpuesto el presente recurso.

Es verdad que la primera impresión que produce la nota recurrida es lo de ser demasiado general, al afirmar que no se han cumplido en la consignación los requisitos de los artículos 1144 a 1149 del Código Civil. Pero también es cierto que el registrador puntualiza y señala el defecto de la falta de notificación a los herederos desconocidos de José Garrido Farizo, que es la base de la no admisión o denegación de la cancelación.

El artículo 1144 del Código Civil señala los únicos casos en que la consignación puede producir efecto por sí sola, prescindiendo del ofrecimiento de pago: ausencia o incapacidad del acreedor, pluralidad de personas que pretendan

tener el derecho a cobrar (se entiende, derechos opuestos o encontrados) y extravío del título de la obligación. Fuera de esos casos, no puede prescindirse del ofrecimiento de pago. Y por el artículo 1145 del mismo código se establece el requisito del anuncio o aviso de la consignación, como se establece por el 1146 la notificación de que aquélla se hizo. En el caso de autos, lo cierto es que no aparece que a los herederos de José Garrido Farizo se haya hecho el ofrecimiento de pago, o hayan sido en cualquier forma avisados de la consignación, o notificados de la misma. Es verdad que el crédito aparece vendido a Félix Baerga, pero el registrador encuentra que la inscripción de tal venta fué denegada por falta de jurisdicción de la corte y consentida por el interesado, y no le es posible reconocer a éste como dueño del crédito, a los efectos del registro, únicos a los que la calificación hace referencia según el artículo 101 de la Ley Hipotecaria. Y en este caso la calificación está bien hecha y la denegación es correcta, ya que pueden hacerse, cuando-menos, el aviso y la notificación por edictos.

*Se confirma la nota del Registrador de la Propiedad de Caguas, a la que se refiere este recurso.*